UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TROY D. WADE (#305401)  CIVIL ACTION

VERSUS

WARDEN DARREL VANNOY  NO. 17-1806-JWD-EWD

### O R D E R

*Pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, submitted correspondence to this Court on December 27, 2017 that the Court interpreted to be a Complaint brought pursuant to 42 U.S.C. § 1983 against prison officials. Plaintiff complained therein of the alleged violation of his constitutional civil rights through a failure to close Camp J at LSP and through a discriminatory failure to allow inmates housed at that location to have outside recreation on holidays. Plaintiff has neither paid the Court's filing fee nor submitted a motion to proceed *in forma pauperis* herein.

Even if Plaintiff had sought *in forma pauperis* status, the rules applicable to the granting by courts of *in forma pauperis* status to inmates in cases challenging the conditions of their confinement make clear that Plaintiff is not entitled to proceed as a pauper in this case. These rules, set forth in 28 U.S.C. § 1915, provide, in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit Court of Appeals

examined the effect of the amended statute and concluded that any civil action or appeal dismissed as frivolous, malicious or for failure to state a claim shall be considered as within the ambit of the "three strikes" provision of § 1915(g). In addition, an interpretation of *Adepegba* instructs that this Court should revoke the prior grant of pauper status to inmates who subsequently "strike out" and should require that these inmates pay the Court's filing fee or face dismissal of their pending actions or appeals. *Id.* at 388 (concluding that the appeal there under review *and all other pending appeals* filed by a "three strikes" petitioner should be dismissed in the absence of payment by the petitioner of the full amount of the Court's filing fee).

A review of the records of this Court reflects that Plaintiff, on three or more prior occasions while incarcerated, has brought actions or appeals in the federal courts that have been dismissed as frivolous or for failure to state a claim.[1] Accordingly, the Court concludes that Plaintiff is barred from proceeding *in forma pauperis* in this case and is required to pay the full amount of the Court's filing fee.[2] Therefore,

**IT IS ORDERED** that Plaintiff is granted twenty-one (21) days from the date of this Order within which to pay $400.00, the full amount of the Court's filing fee. The filing fee must be paid in full in a single payment. No partial payments will be accepted. **Failure to pay the filing**

---

[1]. Cases or appeals filed by Plaintiff while incarcerated that have been dismissed by the federal courts as frivolous or for failure to state a claim include, but are not limited to, *Troy D. Wade v. Burl Cain, et al.*, Civil Action No. 10-0575-FJP-SCR (M.D., La.), *Troy D. Wade v. Bonnie Jackson, et al.*, Civil Action No. 14-0542-JWD-RLB (M.D., La.), and *Troy D. Wade v. Darrel Vannoy, et al.*, Civil Action No. 16-0360-JWD-RLB (M.D., La.). The appeal delays in all matters have elapsed, rendering the dismissals final. *See Adepegba v. Hammons, supra*, 103 F.3d at 387-88.

[2]. The Court finds that the allegations of Plaintiff's Complaint do not fall within the "imminent danger" exception to 28 U.S.C. § 1915(g).

**fee within 21 days may result in the dismissal of Plaintiff's action without further notice from the Court**.

Signed in Baton Rouge, Louisiana, on January 8, 2018.

**ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE**